Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request, pursuant to A.C.A. § 7-9-107
(Repl. 1993), for certification of the following popular name and ballot title for a proposed amendment to the constitution:
 POPULAR NAME TO PROVIDE FOR THE EXEMPTION OF FOOD ITEMS FROM THE STATE, COUNTY, AND MUNICIPAL GROSS RECEIPT SALES TAX
 BALLOT TITLE AMENDMENT TO EXEMPT FOOD ITEMS FROM THE STATE, COUNTY, AND MUNICIPAL GROSS RECEIPT SALES TAX; TO EXCLUDE CARBONATED SODAS, AND LIQUID DRINKS CONTAINING NO REAL FRUIT, OR VEGETABLE JUICE, OR POWDER, AND LIQUID DRINKS NOT OF NUTRITIONAL VALUE AS A DIETARY SUPPLEMENT FROM THIS AMENDMENT AS A NON FOOD ITEM; TO EXCLUDE PREPARED RESTAURANT FOOD FROM THIS AMENDMENT AS A SERVICE; TO EXCLUDE SNACKS, PREPARED CAKES, AND CANDY ITEMS FROM THIS AMENDMENT AS NON ESSENTIAL FOOD ITEMS; TO PROVIDE FOR REPLACEMENT OF LOST REVENUES; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107 (b).
Ambiguities, grammatical and syntax errors occur throughout your proposed amendment. At a minimum, however, the following ambiguities must be clarified in both your measure and ballot title:
 1. Section 1 of your proposed amendment provides that "[a]ll gross receipts taxes on food items with the exception of those exclusions on food items herein mentioned, including those taxes levied in the year of this election. . . . are hereby exempted, and or abolished. . . ." (Emphasis added). It is unclear to what the language "including those taxes levied in the year of this election," refers. Sales taxes are levied on the sales of goods and services. The tax is imposed on the sale transaction. Presumably, a constitutional amendment eliminating such taxes would apply to sales taking place after the effective date, or some other date specified in the amendment. In my judgment, however, there would be no sales taxes "levied" in one year and collected in another. This type of language might have applicability to property taxes, which are levied in one year and collected in a succeeding year, but it has no relevance to sales taxes.
 2. An additional ambiguity arises from the exclusion of certain drinks from sales taxes referred to in Section 2(a) of your amendment. Section 2(a) states that the "amendment shall not effect [sic] the gross receipts sales tax, or any other tax on carbonated sodas, or liquid drinks containing no real fruit juice, or vegetable juice, and or powdered, dried, ground, or liquid drinks not of nutritional value. . . ." An ambiguity arises in my opinion as to how this language interacts with the current" Arkansas Soft Drink Tax Act" codified at A.C.A §§ 26-57-901 to -909. It may be your intention to leave this tax unaffected. That subchapter, however, has distinct definitions of soft drinks, which include" any nonalcoholic beverage . . . including any fruit or vegetable drink containing ten percent or less natural fruit [or] vegetable juice." A.C.A. § 26-57-902(b)(14). A question arises as to whether your proposed amendment would affect, and exempt from the soft drink tax, drinks which contain any fruit or vegetable juice, but less than ten percent of such juice. The language of your proposed amendment purports to apply to such drinks. Other problems relating to the distinct definitions and applicability of the Soft Drink Tax Act arise in light of the language of your proposed amendment.
 3. An additional ambiguity arises from the language quoted above. Your amendment does not mention alcoholic beverages, and purports to eliminate sales taxes and all other taxes levied on "food items," a term undefined in your amendment. Certain drinks are excluded, but apparently drinks that contain any fruit juice or vegetable juice are included within the provisions of your amendment. An ambiguity arises as to the applicability of your amendment to wine, or other alcoholic beverages that contain any fruit or vegetable juice.
 4. An additional ambiguity arises from Section 2(b), which provides that the amendment shall not "effect [sic] the gross receipts sales tax, and or any other tax on prepared restaurant foods. . . ." A question arises as the interaction of this language with so-called "hamburger taxes" authorized in various sections of the Arkansas Code. See, e.g., A.C.A. §§ 26-75-601 to -618. Taxes are levied under that subchapter on the sale of prepared foods and beverages from restaurants and a number of businesses similar to "restaurants." See, e.g., A.C.A. § 26-75-602(c)(2). Questions arise concerning whether the "prepared restaurant foods" excluded from the operation of your amendment are coextensive with the definitions in the hamburger tax statutes, or whether your amendment will in fact have some impact on the levy of those taxes.
 5. An additional ambiguity arises from Section 2(c) of your proposed amendment. This subsection excludes from the operation of your amendment "snacks as may be defined as a prepared food that may be eaten without further preparation from the packaging that is not canned, jared, [sic] or refrigerated. . . ." Ambiguities arise in the application of this definition. Questions arise as to whether such definition would include, as taxable, such items as bread, which is a "prepared food which may be eaten without further preparation from the packaging" and is not "canned, jared, [sic] or refrigerated," but would exempt from tax such items as microwave popcorn, which requires further preparation before consumption. Unintended consequences may flow from this definition and such consequences may require summarization in a ballot title for your measure.
 6. Other ambiguities arise from Section 3 of your proposed amendment. That Section charges the General Assembly with the duty to enact legislation to replace the revenues lost to the public entities affected, "but not to exceed the amount of said revenues lost by the adoption of this amendment based upon the sales receipts from the most recent year available as researched, and certified by the Department of Finance and Administration." Two problems arise from this language. The first is a practical problem. It is my understanding that the Department of Finance and Administration does not keep separate records detailing the sales receipts on food items. It is unclear from the face of your amendment, therefore, how this dollar figure will be determined. The second problem involves the practical ability of the General Assembly to accurately predict the revenues generated by the levy of a replacement tax. What happens under the provisions of your proposed amendment in the event the replacement tax unexpectedly generates more revenue than estimated?
The list of ambiguities above is not intended to be all-inclusive. As noted above, ambiguities, grammatical and syntax errors occur throughout your proposed amendment. Consultation with legal counsel of your choice, or a person skilled in the drafting of legislation, is recommended.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General